IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 27 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-02054-BNB

RAY E. BUTLER,

Applicant,

v.

SUSAN JONES, Warden, C.S.P.,
ARISTEDES W. ZAVARAS, Executive Director of D.O.C., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Defendants.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

---

Plaintiff, Ray E. Butler, is serving a state court sentence with the Colorado Department of Corrections (CDOC) at the Colorado State Penitentiary. Mr. Butler initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on August 17, 2010. The Court granted Mr. Butler leave to proceed pursuant to 28 U.S.C. § 1915 on August 25, 2010.

The Court must construe the Application liberally because Mr. Butler is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110.

The Court has reviewed the Application filed by Mr. Butler and finds that it is deficient. As background, Mr. Butles states that he was charged with three DOC

disciplinary violations, including fraud, possession or use of dangerous drugs, and possession of syringe or drug paraphernalia. Application at 2. The documents attached to the Application demonstrate that Mr. Butler was found guilty of all three charges by a DOC officer on February 20, 2008.

Mr. Butler raises three claims in the Application. First, he asserts that his Eighth Amendment right to be free from cruel and unusual punishment has been violated because unnamed DOC medical staff have either withheld medication needed to treat his liver disease, high blood pressure, heart disease, and diabetes, or have provided him with the wrong medication. *Id.* at 5. Second, he asserts that his Fifth Amendment right to due process has been violated because he has been held in administrative segregation based upon "phony drug charges" for three years. *Id.* at 6. Finally, he alleges that his Sixth and Fourteenth Amendment rights have been violated because he was convicted of the DOC charges without access to counsel and based upon the "illegal involvement" of unnamed DOC officials. *Id.* As relief, Mr. Butler requests release from administrative segregation and that the convictions be expunged from his record.

Mr. Butler's claims in this action are not properly asserted pursuant to 28 U.S.C. § 2254, which is reserved for challenges to the validity of a state court conviction or sentence. *See* 28 U.S.C. § 2254(a). To the extent Mr. Butler is asserting that the conditions of his confinement in administrative segregation violate his constitutional rights, these claims properly are asserted in a separate action brought pursuant to 42 U.S.C. § 1983. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991);

*see also Boyce v. Ashcroft*, 251 F.3d 911, 914-18 (10th Cir. 2001) (noting that challenges on prison decisions to transfer a prisoner to segregation are conditions of confinement cases). To the extent Mr. Butler asserts claims that call into question the execution, and not the validity, of his sentence, such claims must be asserted pursuant to 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000); *see also Bell v. U.S.*, 2009 WL 1609396, *2 (D. Colo. June 2, 2009) (finding that § 2241 is the proper vehicle to challenge a disciplinary conviction that results in the deprivation of good-time credits or an increased sentence . . . . However, where good-time credits or an increased sentence are not implicated, such claims are not cognizable pursuant to § 2241. . . ."). Therefore, Mr. Butler will be directed to file an amended pleading on the proper form if he wishes to pursue his claims challenging the execution of his sentence. Mr. Butler is further directed to state whether he lost good-time credits as a result of his disciplinary convictions. Mr. Butler is warned that he may not assert any claims challenging the conditions of his confinement in a § 2241 action.

Finally, Executive CDOC Director Aristedes Zavaras is not a proper party to this action. Mr. Butler is reminded that the only proper respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). Accordingly, it is

ORDERED that Mr. Butler file an amended pleading on the proper form **within thirty (30) days from the date of this order.** It is

FURTHER ORDERED that the clerk of the court mail to Mr. Butler, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that if Mr. Butler fails within the time allowed to file an amended pleading as directed, the action will be dismissed without further notice.

DATED August 27, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02054-BNB

Ray E. Butler
Prisoner No. 66033
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215- 0777

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** to the above-named individuals on 8/27/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk