IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02054-BNB

RAY E. BUTLER,

      Applicant,

v.

SUSAN JONES, Warden of C.S.P.,

      Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC -2 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER OF DISMISSAL

---

Applicant, Ray E. Butler, is a prisoner in the custody of the Colorado Department of Corrections (DOC) and is currently incarcerated in the Centennial Correctional Facility in Canon City, Colorado. He initiated this action by filing a ***pro se*** Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on August 17, 2010. He has been granted leave to proceed ***in forma pauperis***.

On August 27, 2010, Magistrate Judge Boyd N. Boland reviewed the Application and determined that the claims Mr. Butler was raising must be asserted pursuant to 28 U.S.C. § 2241 because they called into question the execution, and not the validity, of Mr. Butler's sentence and underlying conviction. ***See Montez v. McKinna***, 208 F.3d 862, 865 (10th Cir. 2000). Accordingly, Magistrate Judge Boland directed Mr. Butler to file an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, which Mr. Butler filed on September 13, 2010.

On October 5, 2010, Magistrate Judge Boland directed Respondent to file a preliminary response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).  Respondent filed a preliminary response on October 14, 2010.  On October 21, 2010, Applicant filed a "Motion to Suppress All D.O.C. Evidence to Case and Discharge," which the Court will construe as a reply.

In the Amended Application, Mr. Butler alleges that he was charged with the prison disciplinary offense of Introduction/Possession of Narcotics in a Correctional Facility in January 2008.  Mr. Butler was convicted of the disciplinary offense, and following a disciplinary hearing on April 30, 2008, he was recommended for placement in administrative segregation.  Mr. Butler's administrative appeals of the disciplinary conviction were not successful.

Mr. Butler claims in the instant action that his constitutional right to due process was violated in the disciplinary proceedings because he is being illegally held in administrative segregation for a disciplinary violation that he did not commit.  Amended Application at 3.  He alleges that DOC staff are responsible for a conspiracy to introduce narcotics into a correctional facility, the offense for which he was convicted. *Id.* Second, he asserts that his Sixth Amendment rights were violated because he was arrested on phony charges and denied his right to counsel and to a speedy trial. *Id.* Finally, he asserts that he was denied his right to due process because the DOC has engaged in "heavy handed and illegal tactics in pretending to be DEA or FBI sanctioned investigators . . . ." *Id.* at 4.

2

Respondent asserts that Mr. Butler has failed to exhaust state court remedies. Respondent argues that DOC Administrative Regulation 600-02(IV)(O)(2) provides that the review of a decision to assign a prisoner to administrative segregation by the facility administrative head constitutes a final agency action. Prelim. Resp. at 3; Ex. A at p. 6-7. Further, within thirty days of a final agency action, a Colorado inmate may use Colorado Rule of Civil Procedure 106(a)(4) to obtain judicial review of a decision to place him in administrative segregation. Prelim. Resp. at 3. Respondent asserts that there is no record that Mr. Butler appealed the final agency decision to place him in administrative segregation to the state courts. *Id.* at 4. Respondent also asserts that the Amended Application is untimely. *Id.*

Mr. Butler is required to exhaust state remedies before he may pursue his claims in a habeas corpus action in this Court. *See Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005). Like other habeas petitioners, a § 2241 petitioner fulfills the requirement to exhaust state remedies once the issue has been "fairly presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002). This requirement "is satisfied if the federal issue has been properly presented to the highest state court." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas

3

corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

The Court agrees that Mr. Butler failed to exhaust his claims in the state courts. Mr. Butler argues that "a classification is nonchallengeable or grievable . . . I have exhausted any state level appeal process, as I filed my case before the classification committee."  Reply at 1.  Here, Mr. Butler appears to argue that he is not able to raise claims related to his placement in administrative segregation in the state courts. However, the Colorado Supreme Court has held that disciplinary actions taken by the DOC against inmates under its Code of Penal Discipline are quasi-judicial actions that are reviewable under Colo. R. Civ. P. 106(a)(4). *See Kodama v. Johnson*, 786 P.2d 417 (Colo. 1990).  Further, this rule has been extended to decisions of the DOC to place an inmate in administrative segregation. *See Baldauf v. Roberts*, 37 P.3d 483, 485 (Colo. App. 2001).  There is no evidence in the record that demonstrates that Mr.

4

Butler has exhausted his remedies in the state courts by obtaining judicial review of the decision to place him in administrative segregation under Rule 106(a)(4).  Mr. Butler does not allege that he has sought review in the state courts, and he has failed to meet his burden of showing that he has exhausted all available state remedies.  *See Miranda*, 967 F.2d at 398.  Accordingly, the Court finds that Mr. Butler failed to exhaust state court remedies for his claims.  Because the Court finds that Mr. Butler has failed to exhaust his claims, the Court need not address Respondent's additional arguments. Accordingly, it is

ORDERED that the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is denied and the action is dismissed without prejudice for failure to exhaust state court remedies.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this 1st day of December, 2010.

BY THE COURT:

*Zita Leeson Weinshienk*

_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02054-BNB

Ray E. Butler
Prisoner No. 66033
Centennial Correctional Facility
PO Box 600
Cañon City, CO 81215- 0600

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT**  to
the above-named individuals on 12/2/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk