IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02054-ZLW

RAY E. BUTLER,

    Applicant,

v.

SUSAN JONES, Warden of C.S.P.,

    Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN -6 2011

GREGORY C. LANGHAM
                      CLERK

ORDER DENYING MOTION TO RECONSIDER

    Plaintiff, Ray E. Butler, a state prisoner who is in the custody of the Colorado Department of Corrections (DOC), filed a *pro se* motion titled, "Motion for Reconsideration of Dimissal [sic]," on December 16, 2010. The Court must construe the motion liberally because Mr. Butler is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Motion for Reconsideration will be denied for the reasons stated below.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Butler filed the Motion for Reconsideration within twenty-eight days after the Order of Dismissal and the Judgment were entered in the instant action. The Court, therefore, finds that the Motion for Reconsideration is filed pursuant to Rule 59(e). *See* Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Upon consideration of the motion for reconsideration and the entire file, the Court concludes that Mr. Butler fails to demonstrate that any of the grounds justifying reconsideration exist in his case.

Mr. Butler initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on August 17, 2010. On August 27, 2010, Magistrate Judge Boyd N. Boland reviewed the Application, and determined that the claims Mr. Butler was raising must be asserted pursuant to 28 U.S.C. § 2241 because the claims called into question the execution, and not the validity, of Mr. Butler's sentence and underlying conviction. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Accordingly, Magistrate Judge Boland directed Mr. Butler to file an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, which Mr. Butler filed on September 13, 2010.

On October 5, 2010, Magistrate Judge Boland directed Respondent to file a preliminary response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). Respondent filed a preliminary response on October 14, 2010. On October 21, 2010, Applicant filed a "Motion to Suppress All D.O.C. Evidence to Case and Discharge," which the Court construed as a Reply.

In the Preliminary Response, Respondent asserted that Mr. Butler failed to exhaust state court remedies for his claims because he failed to obtain judicial review of his claims in the state courts pursuant to Colorado Rule of Civil Procedure 106(a)(4). After reviewing the Amended Application, the Preliminary Response, and the Reply, the Court found that Mr. Butler had failed to exhaust his claims. Accordingly, on December 2, 2010, the Court entered an order dismissing the action without prejudice for failure to exhaust state court remedies.

In the Motion for Reconsideration, Mr. Butler does not dispute that he failed to exhaust his state court remedies. Instead, he argues that unidentified "federal crimes" have been committed against him by prison officials. However, Mr. Butler is required to exhaust state remedies before he may pursue his claims in a habeas corpus action in this Court. **See Wilson v. Jones**, 430 F.3d 1113, 1118 (10th Cir. 2005). Like other habeas petitioners, a § 2241 petitioner fulfills the requirement to exhaust state remedies once the issue has been "fairly presented to the state courts." **Picard v. Connor**, 404 U.S. 270, 275 (1971); **Hawkins v. Mullin**, 291 F.3d 658, 668 (10th Cir. 2002). This requirement "is satisfied if the federal issue has been properly presented to the highest state court." **Dever v. Kan. State Penitentiary**, 36 F.3d 1531, 1534 (10th Cir. 1994). Mr. Butler does not demonstrate that he has exhausted his state court remedies by presenting his claims to the "highest state court." **Id.**

Accordingly, Mr. Butler has not asserted any of the major grounds that would justify reconsideration in his case, and the Motion for Reconsideration will be denied. **See Servants of the Paraclete**, 204 F.3d at 1012.

Mr. Butler is reminded that the instant action was dismissed without prejudice, and he may, if he desires, seek to file a new action. Accordingly, it is

ORDERED that the "Motion for Reconsideration of Dimissal [sic]," filed on December 16, 2010, is denied. It is

DATED at Denver, Colorado, this 5th day of January, 2011.

BY THE COURT:

_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02054-BNB

Ray E. Butler
Prisoner No. 66033
Centennial Correctional Facility
PO Box 600
Cañon City, CO 81215- 0600

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  1/6/11

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk